IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS SMITH, #42965-177 | § | |
|     Petitioner/Movant, | § | |
| | § | |
| v. | § | 3:13-CV-1907-K |
| | § | (3:11-CR-111-K) |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, the section 2255 motion is denied.

### I. BACKGROUND

Pursuant to a plea agreement, Petitioner entered a conditional guilty plea to possessing a firearm after being convicted of a felony (reserving the right to appeal the denial of his motion to suppress), and was sentenced to 84 months' imprisonment and a three-year term of supervised release. *United States v. Smith*, 3:11-CR-111-K-1 (N.D. Tex. 2012), *aff'd*, 506 F. App'x 319 (5th Cir. 2013) (per curiam). In the five grounds raised in his timely section 2255 motion, Petitioner asserts ineffective assistance of counsel at the suppression hearing, during the guilty plea proceedings, and on direct appeal. [Doc. 1 at 6-9]. The government argues the section 2255 motion lacks merit, and Petitioner has filed a reply. [Doc. 6; Doc. 8].

### II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the

Court presumes that a petitioner stands fairly and finally convicted.  *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)).  Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds.  *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984).  Failure to establish either deficient performance or prejudice defeats the claim.  *Id.* at 697.  To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment.  *Id.* at 687.  The proper measure of attorney performance is reasonableness under prevailing professional norms.  *Id.* at 688.  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.  *Id.*  To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

### A. Suppression Hearing (Claims 1-3)

Petitioner asserts defense counsel rendered ineffective assistance at the suppression hearing because he failed to ensure the Court did not rely on false

testimony and inadequate evidence, and failed to argue the search of his car was not a proper inventory search. [Doc. 2 at 4-9]. Specifically, Petitioner claims counsel was ineffective (1) in failing to object to the perjured testimony of Officers Womack and Kimpel, (2) in failing to show the Court that he could not have committed the traffic violations, and (3) in failing to produce the Dallas Police Inventory Policy and object to the Court's finding that the search was a proper inventory search.

Petitioner cannot show that counsel's performance was deficient. Defense counsel effectively sought to suppress the evidence by presenting a well-argued and well-supported motion to suppress. [Crim. Doc. 22]. He also diligently and meticulously advocated Petitioner's position and cross examined the officers during the suppression hearing. [Crim. Doc. 57]. While Petitioner may have desired a more in-depth examination of Officer Womack (whom he claims lied about having prior contacts with Petitioner) and Officer Kimpel (whom he claims lied regarding text messages sent from Petitioner's phone after his arrest), counsel's performance did not render his assistance constitutionally ineffective. Likewise, contrary to Petitioner's assertions, counsel provided effective assistance in questioning both officers about the traffic violations. As the United States Court of Appeals for the Fifth Circuit concluded, this Court was correct in crediting Womack and Kimpel's testimonies that they had witnessed Petitioner commit two traffic violations prior to the stop. *Smith, 506 F. App'x at 319-320*.

Additionally, counsel was not deficient in failing to object to the Court's

finding that the search of Petitioner's locked trunk (where officers ultimately found the guns) was a proper inventory search. As the Government correctly notes, the list in the Inventory Policy was non-exhaustive and, thus, trunks were not excluded from inventory searches merely because they were not listed. Thus, defense counsel was not required to raise the frivolous objection that the arrest and impoundment policies did not authorize the officers to search Petitioner's locked trunk. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness.").

In summary, Petitioner has not demonstrated that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Defense counsel's presentation at the suppression hearing was reasonable when measured against prevailing professional norms. *Id.* at 688. Petitioner, thus, fails to rebut the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* at 689. Accordingly, his first, second, and third claims are denied.

### B. Guilty Plea (Claim 4)

Next, Petitioner asserts ineffective assistance in connection with the plea proceedings. He contends his guilty plea "was unknowing and involuntary" due to counsel's "failure to informing [sic] him of the relevant law." [Doc. 2 at 9]. He maintains that he "unknowingly and unintelligently relinquished his right to his other

4th amendments claim, such as the unlawful search of his vehicle." [Doc. 2 at 9]. In support, Petitioner cites to *Lafler v. Cooper*, 132 S. Ct. 1376, 1383 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), but offers no argument. He also claims that he "would have . . . proceed[ed] to trial" absent counsel's ineffective assistance. [Doc. 2 at 9].

The Government correctly notes that this claim is conclusory and should be summarily dismissed. [Doc. 6 at 20]. Petitioner replies that "there's no record of the Federal Rule 11 hearing" due to a recording error and, thus, "nothing on record to show [his] plea was knowing and voluntary." [Doc. 8 at 4-5]. However, Petitioner has been on notice of the unavailability of the plea hearing transcript since his direct appeal [Doc. 7 at 4-5], and cannot now rely on its absence to justify his failure to plead sufficient facts in his section 2255 motion. Moreover, Petitioner voluntarily decided to proceed with his direct appeal, despite the absence of the plea hearing transcript, conceding in writing that his appellate claims were unrelated to his guilty plea. [Doc. 7 at 4-5].

Nevertheless, Petitioner's bare assertion that counsel failed to advise him about "the relevant law" is clearly vague and insufficient to plead a Sixth Amendment claim. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (declining to consider vague ineffective assistance of counsel claim). Even liberally construing his *pro se* pleadings, Petitioner has not pled sufficient facts in support of his claim. Without any specific allegation explaining "the relevant law" that counsel allegedly failed to

advise him, Petitioner cannot raise an issue of constitutional import. Indeed, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Pineda*, 988 F.2d at 23 (quotations and quoted case omitted); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . to be of probative evidentiary value.").

Equally vague and conclusory is Petitioner's contention that he would have insisted on proceeding to trial. Petitioner has again failed to allege anything in support of his bare assertion. While he requests an evidentiary hearing to develop this claim [Doc. 2 at 10; Doc. 8 at 5], a movant is entitled to an evidentiary hearing on an issue presented in his section 2255 motion only if he can provide "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties . . . ." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). "Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (citing *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980)).

Accordingly, Petitioner's second claim is denied as speculative and conclusory.

### Denial of Appellate Review (Claim 5)

Lastly, Petitioner contends he was "denied full appellate review" because his re-arraignment transcript could not be reproduced due to a recording error. He

maintains that he would have challenged the scope of his appellate waiver on direct appeal, and that appellate counsel should have "used the 5th [Circuit] law on missing transcript[s]" to have his case remanded. [Doc. 2 at 10]. On direct appeal, however, Petitioner confirmed in writing (in response to appellate counsel's inquiry) that the unavailable transcript was immaterial to his appellate issues. [Doc. 7 at 4-5]. Thus, counsel's decision to forego the plea hearing transcript on appeal was sound and Petitioner cannot fault counsel merely based on hindsight. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994). Therefore, his last claim of ineffective assistance of counsel fails as patently frivolous.

## Evidentiary Hearing Not Required

Petitioner maintains that he is entitled to an evidentiary hearing to develop the claims raised in this section 2255 motion. However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (petitioner was not entitled to evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit, for the reasons stated above, no evidentiary hearing is required.

## III.  CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED

Signed April 16, 2014.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE